## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No.:

**HELEN JENKINSON,**

    **Plaintiff,**                                   **COMPLAINT**

**v.**

**EQUIFAX INFORMATION SERVICES LLC, and**
**TRANS UNION LLC,**

    **Defendants.**

_____/

### COMPLAINT

Plaintiff, Helen Jenkinson ("Plaintiff"), by and through counsel, files this Complaint against Defendant Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), and Defendant Trans Union LLC ("Defendant Trans Union" or "Trans Union"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

3.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Pinellas County, Florida.

5.    Defendant Equifax is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.    Defendant Trans Union is an Illinois corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

## <u>GENERAL ALLEGATIONS</u>

7.    This action involves derogatory and inaccurate reporting of an alleged Consumer Debt (the "consumer debt") by Grow Financial to Plaintiff's credit profile.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

8.     In or around June of 2019, Plaintiff received a telephone call from The Law Office of Kass Shuler, P.A. ("Kass Shuler"), alleging a past due balance owed to Grow Financial.

9.     During the aforementioned telephone call, Plaintiff was offered by and entered into an agreement with Kass Shuler, on behalf of Grow Financial, whereby Plaintiff would agree to the sum of $7,200.00 to settle the Grow Financial Debt. In exchange, Grow Financial agreed to withhold any negative credit reporting to Equifax, Experian, and Trans Union, related to the alleged Grow Financial debt. Counsel for Grow Financial further advised Plaintiff that any negative reporting would be removed, and that Grow Financial would forgo negative reporting on Plaintiff's profile based on the payment agreement.

10.    Grow Financial failed to remove the negative credit reporting from Plaintiff's credit reports and continue to report the negative Grow Financial Account after Plaintiff paid $7,200.00 in consideration thereof.

11.    But for the representations made to Plaintiff, Plaintiff would have not entered into an agreement and paid $7,200.00 to settle the Grow Financial account and in turn preserve her credit.

12.    In or around February 2024, Plaintiff requested a copy of her credit report from Defendant Equifax. The Equifax report listed the Account as charged off.

13.     In or around February 2024, Plaintiff submitted a dispute to Defendant Equifax because the Equifax report was showing the Account as charged off.

14.     In or around February 2024, Defendant Equifax verified the Account as accurate.

15.     As of the filing of this complaint, Defendant Equifax is still reporting the Account on Plaintiff's Equifax report.

16.     In or around February 2024, Plaintiff requested a copy of her credit report from Defendant Trans Union. The Trans Union report listed the Account as charged off.

17.     In or around February 2024, Plaintiff submitted a dispute to Defendant Trans Union because the Trans Union report was showing the Account as charged off.

18.     In or around February 2024, Defendant Trans Union verified the Account as accurate.

19.     As of the filing of this complaint, Defendant Trans Union is still reporting the Account on Plaintiff's Trans Union report.

20.     Defendants have since failed to correct their reporting errors.

21.     As a direct result of Defendants failing to correct the error on Plaintiff's credit reports, Plaintiff has since been denied new credit, suffered damage by loss of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

22.     Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

23.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of a Grow Financial account and continues to include the same information concerning inaccurate and derogatory reporting of the Grow Financial account.

24.     As of the filing of this complaint, the inaccurate information regarding the Grow Financial Account is still listed on Plaintiff's credit report.

25.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

26.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

27.     Equifax continues to report Plaintiff's account as derogatory in regards to Plaintiff's and Grow Financial account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

28.     Continuing to report the status of Plaintiff's account in this fashion is significant.

29.     By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

30.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

31.     Equifax failed to conduct a reasonable investigation as to the date of the charge off of the Credit Card, and failed to review Plaintiff's credit report for compliance with the Statute of Limitations for reporting derogatory information.

32.     Equifax failed to review and consider all relevant information regarding the Grow Financial account.

33.     Equifax failed to comply 15 U.S.C. § 1681(4) and 15 U.S.C. § 1681(5), when they permitted the derogatory information to remain on Plaintiff's credit report.

34.     Equifax possessed evidence that the information was inaccurate as described herein; however, Equifax failed to correct the information.

35.     Equifax's reporting of inaccurate information about the Credit Card account, and Grow Financial account, which are the subject of the Dispute, despite

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

36.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

37.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

38.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

39.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Equifax credit report.

40.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

41.     Equifax has willfully and recklessly failed to comply with the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

42.     The conduct, action, and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

43.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

44.     The appearance of the account on Plaintiff's credit report, namely, the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

45.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

46.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

47.     Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Complaint.

48.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681(4) when they permitted the derogatory information to remain on Plaintiff's credit report.

49.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681(5), when they permitted the derogatory information to remain on Plaintiff's credit report.

50.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

51.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [c] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Equifax to  delete; and [h] the failure to take adequate steps to verify information Equifax had reason to  believe was inaccurate before including it in the credit report of the consumer.

52.     The conduct, action, and inaction, of Equifax was negligent, thereby

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

53.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

54.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

55.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
### (Against Defendant Trans Union)

56.    Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

57.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of a Grow Financial account and continues to include the same information

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

concerning inaccurate and derogatory reporting of the Grow Financial account.

58.    As of the filing of this complaint, the inaccurate information regarding the Grow Financial Account is still listed on Plaintiff's credit report.

59.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

60.    Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

61.    Trans Union continues to report Plaintiff's account as derogatory in regard to Plaintiff's Grow Financial account.

62.    Continuing to report the status of Plaintiff's account in this fashion is significant.

63.    By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

64.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

65.     Trans Union failed to conduct a reasonable investigation as to the date of the charge off of the Credit Card, and failed to review Plaintiff's credit report for compliance with the Statute of Limitations for reporting derogatory information.

66.     Trans Union failed to review and consider all relevant information regarding the Grow Financial account.

67.     Trans Union failed to comply 15 U.S.C. § 1681(4) and 15 U.S.C. § 1681(5), when they permitted the derogatory information to remain on Plaintiff's credit report.

68.     Trans Union possessed evidence that the information was inaccurate as described herein; however, Trans Union failed to correct the information.

69.     Trans Union's reporting of inaccurate information about the Credit Card account, and Grow Financial account, which are the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

70.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

71.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

72.     On at least one occasion within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

73.     Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

74.     Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

75.     Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the  continual placement of inaccurate information into the credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

76.    The conduct, action, and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

77.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

78.    The appearance of the account on Plaintiff's credit reports, namely, the account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

79.    As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

80.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

### COUNT 4
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

81.    Plaintiff incorporates by reference paragraphs ¶¶ 1-21 of this Complaint.

82.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681(4) when they permitted the derogatory information to remain on Plaintiff's credit report.

83.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681(5), when they permitted

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the derogatory information to remain on Plaintiff's credit report.

84.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

85.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [c] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to  believe was inaccurate before including it in the credit report of the consumer.

86.    The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

87.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

88.     As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

89.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: March 8, 2024

Respectfully Submitted,
  /s/ Jennifer G. Simil
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**GERALD D. LANE, ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com